**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                      Case No. 10-cr-101-01-JL

Brendan Spillane

**O R D E R**

Motion For Travel Expenses (doc. no. 5) is DENIED.  While logic may suggest that Congress should authorize the United States Marshal ("USM") to transport a non-incarcerated indigent defendant to the courthouse and then to return the defendant to his place of abode, the literal terms of the statute (18 U.S.C. § 4285) make clear it did not intend public monies to be used to pay for a return trip or to impose such an obligation on the USM. See United States v. James, 762 F. Supp. 1 (D.D.C. 1991).  Cf. United States v. Sandoval, 812 F. Supp. 1156 (D. Kan. 1993)(subsistence expenses permitted only during the course of travel and not after the defendant has arrived at the place of appearance);  United States v. Nave, 733 F. Supp. 1002, 1003 (D. Md. 1990)(given the clear language of the statute,  "under the so-called Anti-Deficiency Act, the Court should not order such an expenditure, see 31 U.S.C. section 1341, and, if it were to do so, the undersigned judge could conceivably be open to criminal

prosecution under 31 U.S.C. section 1350, a situation that might mildly amuse some, but which ought to be avoided, if possible."); United States v. Gonzalez, 684 F. Supp. 838 (D. Vt. 1988); United States v. Birdhorse, 2007 U.S. Dist. LEXIS 61069 (D.N.D. Aug. 17, 2007). Thus, because 18 U.S.C. § 4285 does not authorize the court to direct the USM to transport a non-incarcerated defendant to his place of origin from the courthouse, defendant's motion (doc no. 5) is DENIED.

**SO ORDERED.**

Date: August 16, 2010          /s/ Daniel J. Lynch
                               Daniel J. Lynch
                               United States Magistrate Judge

cc: Alfred J.T. Rubega, Esq.
    Jonathan R. Saxe, Esq.